[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15516
Non-Argument Calendar
_____

Agency No. A077-882-471

TAULANT PALAJ,
VALENTINA PALAJ,
ALESSIA PALAJ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 22, 2015)

Before TJOFLAT, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lead petitioner Taulant Palaj ("Palaj"),[1] a citizen of Albania, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Palaj's application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). Lack of corroboration of Palaj's stories is a main concern. No reversible error has been shown; we deny the petition.

We review only the BIA's decision, unless the BIA adopts expressly the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). When the BIA "adopts the IJ's reasoning, we will review the IJ's decision as well." Id.

We review de novo legal determinations of the BIA. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we "must affirm the decision of the Board if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350-51 (11th Cir. 2009) (alteration omitted). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Id. at 1351.

---

[1] Palaj's wife and daughter are listed as derivative beneficiaries in Palaj's asylum application; so our decision about Palaj also applies to them.

2

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion and membership in a particular social group.  8 U.S.C. §§ 1101(a)(42)(A); 1158 (a)(1), (b)(1).  The asylum applicant bears the burden of proving "refugee" status with specific and credible evidence.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005).

Uncorroborated testimony may be sufficient to demonstrate eligibility for asylum only where "the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii).  "The weaker an applicant's testimony . . . the greater the need for corroborative evidence."  Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

Palaj sought relief based on his political opinion and membership in a particular social group.  Briefly stated, Palaj says that he has been persecuted and threatened by supporters of the former Communist Party in Albania because of his political involvement.

In the 1960's, Palaj's father and aunt were imprisoned in Albania for engaging in anti-communist activities.  In 1990, Palaj was also accused of anti-communist activities and fled to Yugoslavia to avoid imprisonment.  When living

3

in Belgrade, Serbia, Serbian authorities forced Palaj to return to Albania in 1993. Upon his return, Palaj became an active member of the Democratic Party and worked on various election campaigns, including that of his cousin.

At some point after returning to Albania, Palaj says that he was harassed, beaten and shot in the foot[2] by two <u>unknown</u> persons, who Palaj says were supporters of the former communist government.  Fearing for his safety, Palaj fled to Italy in 1999.  While in Italy, Palaj continued to support the Democratic Party in Albania, mainly through financial contributions.

In 2009, Palaj's brother -- who was also living in Italy -- was approached by two strangers who Palaj says asked questions about Palaj's whereabouts.  A few days later, Palaj's brother was ambushed and beaten, causing him to have his arm amputated.  During the beating, one of these attackers Palaj says told Palaj's brother "One day we will find your brother too."  No statements from Palaj's brother or parents are in the record.  No police records corroborate the attack on Palaj in the 1990's or that the attack was linked to communist supporters; the Italian police report on the attack on Palaj's brother makes no reference to Palaj of any kind.

---

[2] This incident is the only instance in which Palaj says that <u>he</u> was attacked physically by anyone. We note that Palaj's story about whether he was shot in the foot, shot in the back, or escaped this encounter unharmed has not been consistent in the record.

4

The IJ denied Palaj's application for asylum, withholding of removal, and CAT relief.  The IJ determined that Palaj's testimony was "too meager and generalized" to satisfy his burden of proof.  Given the lack of detail in Palaj's testimony -- and Palaj's failure to present evidence corroborating his testimony -- the IJ concluded that Palaj failed to meet his burden of proving eligibility for asylum.  The IJ also concluded that the alleged harm Palaj suffered amounted to no persecution -- for asylum -- and that Palaj lacked a well-founded fear of future persecution either in Albania or in Italy.  Because Palaj failed to satisfy the burden of proof required for asylum relief, the IJ also denied Palaj's claim for withholding of removal.  About Palaj's claim for CAT relief, the IJ concluded that Palaj failed to show that he would more-likely-than-not be tortured if removed.[3]

The BIA dismissed Palaj's appeal.  The BIA agreed with the IJ's determination that Palaj failed to present detailed testimony or to submit corroborating documents sufficient to satisfy his burden of proof.  As a result, the BIA declined to address Palaj's appellate arguments about past and future persecution.  The BIA also concluded that Palaj failed to demonstrate eligibility for CAT relief.

---

[3] The IJ also concluded that Palaj was ineligible for asylum relief, pursuant to 8 U.S.C. § 1158(b)(2)(A)(vi), because he had firmly resettled in Italy.  Because we affirm on other independent grounds, we need not address whether Palaj is also ineligible for asylum relief based on his residency in Italy.

On appeal, Palaj argues that the BIA erred when it concluded that the IJ found that Palaj's petition lacked corroborating evidence.  This argument is refuted plainly by the record.  In an oral decision, the IJ explained that Palaj failed to meet his burden of proof based both on the lack of detail in the record and the lack of "further corroboration."  Moreover, the IJ explained that relief can be denied when an applicant fails to submit sufficient corroborating evidence, and then noted "[t]hat is the problem that I see in this particular case."

Palaj's argument that the BIA erred in determining that the IJ made an adverse credibility finding is also misplaced: the BIA made no such determination.  Instead, the BIA noted -- correctly -- that the IJ concluded that Palaj failed to meet his burden of proof.  An asylum applicant cannot satisfy his burden of proof when the applicant's testimony fails to "refer[] to specific facts sufficient to demonstrate that the applicant is a refugee" and where the applicant fails to "provide evidence that corroborates otherwise credible testimony."  See 8 U.S.C. § 1158(b)(1)(B)(ii).  Moreover, because the burden of proof lies with the applicant, the IJ committed no error in failing to pose specific questions to Palaj to elicit more detailed testimony.  See 8 U.S.C. § 1158(b)(1)(B)(i); Forgue, 401 F.3d at 1287.[4]

---

[4] We lack jurisdiction to consider Palaj's arguments that he, in fact, submitted sufficient corroborating documents to support his claims for relief: Palaj failed to raise that argument in his appeal to the BIA.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).  We also lack jurisdiction to consider Palaj's claims that he demonstrated past persecution and a well-founded fear of future persecution, because the BIA declined to address those claims on appeal.  See Al Najjar, 257 F.3d at 1284.

6

Palaj's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal.  See Forgue, 401 F.3d at 1288 n.4.  In addition, substantial evidence supports the denial of Palaj's claim for CAT relief because Palaj failed to demonstrate that it was more-likely-than-not that he would be tortured (or that such torture would be by or with the acquiescence of the government) if removed.

PETITION DENIED.